## Oliver K. Burkey, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 19,323.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed February 3, 1915.

### Statement of the Case.

Action by Oliver K. Burkey against Chicago City Railway Company for personal injuries. From a judgment against defendant in favor of plaintiff, defendant appeals.

Plaintiff testified that he attempted to board defendant's street car, which had stopped on a signal to receive passengers, and that before he reached the platform, the car started with a violent jerk, throwing him partly on the platform and partly off, so that by the force of the motion he rolled off into the street, resulting in the fracture of a bone in one of his legs. In these particulars he was corroborated by an apparently disinterested eyewitness and by the undisputed fact that he suffered the fracture on the day in question.

He was also corroborated by the testimony of the conductor of a car which he says he boarded soon after the accident, who testified that he complained to him of having been thrown from a car and hurt about the time and place testified to by appellee, and also by a doctor who testified to being called to treat plaintiff and that he found the fracture complained of.

The conductor in charge of the car in question testified plaintiff did not attempt to board the car and was not thrown from the car at all. His testimony was in a way corroborated by the negative testimony of some other witnesses who were in a position in which

they might have seen the occurrence, if it had taken place, who say they did not see it occur. Plaintiff was contradicted by the testimony of the conductor to whom he complained and whom he asked to report the accident to the company, who testified·that plaintiff then pointed out a different place in the street where he then said the accident happened and that he then made statements in conflict with his testimony as to how it happened. This plaintiff denied.

WATSON J. FERRY, for appellant; LEONARD A. BUSBY, WARNER H. ROBINSON & BENJAMIN F. RICHOLSON, of counsel.

HARPER E. OSBORN and ALBERT M. CROSS, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 113*—*irrelevancy of evidence.* In an action for personal injuries, testimony as to the manner in which plaintiff attempted to board the street car and the way in which he fell and where he went and what he did before and after the accident throw no light on the vital questions whether he was thrown from the car at all, and if so whether it was the result of the negligence of the street railroad company or of the passenger.

2. CARRIERS, § 476*—*sufficiency of evidence upon conflicting testimony to sustain verdict for personal injuries.* In an action to recover damages for personal injuries alleged to be due to plaintiff's being thrown from a street car by reason of its sudden starting up while he was attempting to board it, evidence *held* sufficient to support a verdict upon conflicting testimony and a judgment in favor of the plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.